MICHAEL E. ALLEN
NAME
H-42389
PRISON NUMBER
CALIPATRIA STATE PRISON
PLACE OF CONFINEMENT
P.O. BOX-5002, CALIPATRIA, CALIF 92233
ADDRESS

ORIGINAL

FILED
APR - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

# United States District Court
## Southern District Of California

MICHAEL E. ALLEN,
(FULL NAME OF PETITIONER)

**Petitioner**

v.

JAMES TILTON, DIRECTOR,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER, E.G. PAROLE OFFICER)

**Respondent**

and
The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0650 W CAB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2241

1. Type of challenge (CHECK ONE):
   - ☐ Parole
   - ☐ Probation
   - ☐ Loss of good-time credits
   - ☐ Prison disciplinary hearing
   - ☒ Other (specify): Prosecutor Misconduct ; Investigating Agency Eavesdropping



CR

2. Have you previously filed any petitions, applications, or motions with respect to the execution of your sentence in any court, state or federal?
   ☒ Yes ☐ No

3. If your answer to 2 was "Yes," give the following information:

   (a)(1) Name of court California Court of Appeals 4th Appellate District

   (2) Nature of proceeding
   Writ of Mandate

   (3) Grounds raised
   Prosecutor Misconduct Eavesdropping on Attorney and Client Priviledge communication.

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No

   (5) Result Denied

   (6) Date of result January 2008 "EXHIBIT # A"

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court California Supreme Court

   (2) Nature of proceeding
   Petition for Review

   (3) Grounds raised
   Prosecutor Misconduct Eavesdropping on Attorney and client Priviledge communication.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(5) Result Denied

(6) Date of result February 13, 2008 EXHIBIT #B

(c) Did you appeal, to the highest state court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. ☒ Yes ☐ No
(2) Second petition, etc. ☐ Yes ☐ No

(d) If you did ***not*** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

4. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. Moreover, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.
You should *raise in this petition **all** available grounds* on which you base your allegations that you are being held in custody unlawfully.

A. **Ground one:** PROSECUTOR MISCONDUCT AND ITS INVESTIGATING AGENCY EAVESDROPPING ON ATTORNEY & CLIENT PRIVILEDGE COMMUNICATION A VIOLATION of PETITIONERS 1st, 5th, 6th & 14th Amendment of the U.S. constitution.

**Supporting FACTS** (state *briefly* without citing cases or law)

(1) The Imperial County Prosecutor and The investigating Agency California Depretment of corrections, Calipatria correctional officers be intentionally eavesdropping on Attorney and client communication. -- This is a wide spread illegal and wrongfull custom and practice in the Imperial County Superior Court, in El Centro, Depretment #5, when there is 15 to 20 employees and coworkers of the Prosecutors Investgative Agency correctional officers under the unbrella of security 2 feet away eavesdropping on Attorney and client privilege communication. Exhibit #1 Declaration of Jorge Guadarrama, Exhibit #2 Declaration of witness Jerome G. Jeter, Raymond Vailuu, and Mauro Ruiz.

(2) Calipatria State Prison which is part of Department of corrections have a Hybrid Status thats part of Imperial County's Districts Attorneys office Thats well established in People v. Superior Court "Barret" Cal. App. 4th Dist. 2001" 80 Cal. App. 4th 1305, 96 Cal. Rptr. 2d 264, 271 N.21, Stating the Prosecution team includes both investiantive and Prosecutorial agencies and personel See pages 8 Thru 12 Continue.

B. **Ground two:** VIOLATIONS of AMERICANS WITH DISIABILITY ACT TITLE #II DID CALIFORNIA SUPREME COURT and COURTS of APPEALS 4TH APPELLATE ABUSE ITS DISCRETION IN DENYING REQUEST FOR ACCOMMODATIONS BY PERSONS with Disabilities BY NOT APPOINTING A ATTORNEY

**Supporting FACTS** (state *briefly* without citing cases or law):

(13) Petitioner is a individual with mental impairments as declared by Imperial County Superior Court EX# 4 Legally mentally incompetent unable to trust Attorney and Judges. Protected under The Americans Disability Act of 1990 Title #II 42 U.S.C. 12101 et. Seq.

(14) Petitioner is qualified to participate in and Receive the benefits of California Supreme Court, and courts of Appeals 4th Appellate Pro Bono Attorneys Program Services and Activities.

(15) Petitioner was excluded and denied the Benefits of California Supreme court and Courts of Appeals 4th Appellate Pro Bono program for court Appointed Attorneys EX# A.

(16) State governments and Public entities as California Supreme court may not Refuse to Allow a person with a disability to participate in services programs. Benefits or Activities of the California Supreme court and courts of Appeals 4th Appellate District, Pro Bono programs for court Appointed Attorneys.

(17) Public entities as California Supreme court and courts of Appeal must ensure that individual with disabilities are not excluded from services, programs, Activities and Benefits under the American with Disability Act.

(18) Petitioner has shown mental impairment of Legally mentally incompetent EX# 4 a Record of such impairment and is Regarded as having a impairment that effects major life Activities as interacting with Attorney's and Judges which is a major life Activity to process this Habeas corpus for the truth of the matter and interest of Justice.

C. **Ground three:**

**Supporting FACTS** (state *briefly* without citing cases or law):

**D. Ground four:**

**Supporting FACTS** (state *briefly* without citing cases or law):

5. If any of the grounds listed in 4A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not presented, and give your reasons for not presenting them: ALL FACTS WAS PRESENT to State COURTS.

6. Do you have any petition or appeal now pending in any court, either state or federal, as to the execution of sentence under attack?
☐ Yes ☒ No

7. Give the name and address, if known, of each attorney who represented you in the following stages of the execution of sentence attacked herein:

(a) In any post-conviction proceeding None

(b) On appeal from any adverse ruling in a post-conviction proceeding none

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

______________________________
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3/19/08 (DATE) [signature] SIGNATURE OF PETITIONER

(3) The Imperial County District Attorney is using the courtroom of the Imperial County Superior Court, Department #5, which is very small to intentionally and surreptitously listen and eavesdrop upon defendants Attorney and Client conversation through and by the way of the Investigative Agency Calipatria State Prison Correctional officers Ex#1 / Ex#2.

(4) The Prosecutor is orchestrating and eavesdropping on Attorney and client communication Resulting in the Acquisition of confidential Information and deletion of inmate witnesses names and CDC numbers in the crime Incident Report. Ex#3 Inmate witnesses names missing.

(5) This is a very unique Habeas Corpus in which California Department Corrections, Calipatria State Prison Investigative Agency filed charges on me to Imperial County District Attorney office which indicted me at a Grand Jury Hearing and Every time I Attend Imperial County Superior Court The Prosecutors Investigative Agency force me to sit in the Courtroom Jury Box to engage in Attorney and client privilege communication in front of The Prosecutors Investigative Agency 2 feet away smiling and listening.

(6) Imperial County Superior Court El Centro, Department #5 Have a designated Room for Attorney & Client priviledge communication that is not utilized or petitioner allowed this accommodation by the Prosecutors Investigative Agency.

(7) Petitioner Have a Right to Attorney and client priviledge communication free from the prosecutor and its investigative Agency eavesdropping which is making petitioner choose between constitutional Right to Remain silent under the 5th Amendment of the U.S. Constitution or incriminate myself and no one should have to choose between constitutional Rights thats guaranteed.

(8) Petitioner inform the psychiatrist and psychologist of the eavesdropping by Imperial County Prosecutors and its investigative Agency Calipatria officers and How it is all conducted in the presents of Attorneys and

Judges and Petitioner was declared mentally incompetent Ex# 4. for Refusing to participate in this and choose to Remain Silent.

(9) This eavesdropping and violation of Attorney and client priviledge is so bad State Appointed Attorney's can not even complain for they will be black balled from the court appointed Attorney's list loosing numerous funds.

(10) Due to petitioner exposing this wrong Imperial County Behavior Health Services Recommended Antipsychotic medication Ex#5 pg1-2 and evaluation Report Ex#5 pg#1-2 shows no symptoms of being Psychotic especially compared with Medline Plus trusted Health Information symptoms of Psychotic is a loss of touch with Reality, Hallucination, Disorganized speech, Abnormal emotions, mania, confusion, Depression, suicidal thoughts, unfound fear, suspicion, illusions and delusions Exhibit #6 and Please note Evaluation Report Ex#5 shows no symptoms of Any mental illness.

(11) Petitioner been wrongfully found incompetent for exposing this here in constitutional violation and the court wish to medicate me to cover this up.

(12) Imperial County District Attorney and its Investigative Agency Calipatria State Prison Correctional officers are eavesdropping on Attorney and client Priviledge communication which is the oldest priviledge Known to common law Protected under the 1st Amendment Right to the U.S Constitution.

—CASE LAW IN SUPPORT—

where the Prosecutor orchestrates an eavesdropping upon priviledge Attorney-Client communication in the courtroom and Acquires confidential Information the court conscience is shocked and dismissal is the Appropriate Remedy. Even when the issue is narrowed to a Sixth Amendment violation dismissal is still Appropriate because here there is a substantial threat of demonstratable prejudice as a matter of law. United States v. Morrison, (1981) 449 U.S. 361, 365; 101 S.Ct. 665 66 Led 2d 564, 569.

Government may not covertly intercept or overhear conversation between and Accused and his counsel. In Re Benny "N.D. Cal. 1983" 29 B.R. 754

Petitioner established Right to Attorney and client priviledge communication and showed a Prima facie showing of the states eavesdropping on Attorney and client priviledge conversation than the burden shifts to the prosecution to prove legality of it conduct. People v. Jordan "App 1 Dist. 1990" 266 Cal. Rptr. 86, 217 Cal. App. 3d 640.

Prosecutors may not use the courtroom as a place to intentionally and surreptitiously listen and eavesdrop upon defendants conversation with his Attorney and indeed eavesdropping on Attorney and client communication is inappropriate Anywhere and can not be tolerated. Morror v. Superior Court "App 2 Dist 1994" 36 Cal. Rptr. 2d 210, 30 Cal. App. 4th 1252.

-RELIEF-

(a) Evidentiary Hearing be held with the subpoena of witnesses and Attorney Donald L. Scoville, 1005 State street, El Centro, Calif. 92244 (760) 352-3130 As my main witness and petitioner Request the Appointment of Attorney to Represent petitioner interest and the truth of the matter in the federal courts as to did the eavesdropping Result in priviledge communication Resulting in Acquisition of confidential information and is dismissal of charges and indictment Appropriate.

(b) The court order such further Relief as maybe Appropriate in the interest of Justice.

Dated: 3.19.08

Written for:

[signature]

Michael E. Allen

EXHIBIT # A

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED Stephen M. Kelly, Clerk

DEC 21 2007

| | |
|---|---|
| MICHAEL E. ALLEN,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF IMPERIAL COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | D052197<br><br>(Imperial County<br>Super. Ct. No. EMH 00214) |

THE COURT:

The petition for writ of mandate, request for stay, and request for accommodations have been read and considered by Justices Nares, McDonald and Irion. The petition is denied. The request for accommodations is denied as moot.

IRION, Acting P. J.

Copies to: All parties

EXHIBIT # B

Court of Appeal, Fourth Appellate District, Div. 1 - No. D052197
**S160130**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

MICHAEL E. ALLEN , Petitioner,

v.

SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

---

The application for stay and petition for review are denied.

SUPREME COURT
FILED

FEB 13 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

EXHIBIT #1

DECLARATION IN SUPPORT OF STATEMENT
IN SUPPORT OF MICHAEL E. ALLEN, CAUSE OF ACTION

I, JORGE GUADARRAMA DECLARE:

I OBSERVED AND WITNESSED AS A PRISONER ATTENDING IMPERIAL COUNTY SUPERIOR COURT, EL CENTRO, AS A CALIPATRIA STATE PRISON, PRISONER I SEEN MICHAEL E. ALLEN'S, ATTORNEY ALLOWING ATTORNEY AND CLIENT COMMUNICATION IN THE COURTROOM JURY BOX, IN THE PRESENCE OF 15 TO 20 CALIFORNIA DEPARTMENT OF CORRECTIONS PEACE OFFICER'S 2 TO 3 FEET AWAY EAVESDROPPING ON ATTORNEY AND CLIENT COMMUNICATION, WITH TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER NOT TAKING ANY ACTION TO PREVENT EAVESDROPPING, BY INVESTIGATING AGENCY C.D.C.R, CALIPATRIA PEACE OFFICER'S. THIS IS A WIDE SPREAD PROBLEM WITH ALL PRISONER'S AT CALIPATRIA STATE PRISON, WE DO NOT HAVE ANY PRIVACY FOR ATTORNEY AND CLIENT COMMUNICATION. THIS EXTENDS TO ATTORNEY AND CLIENT VISITS AT CALIPATRIA STATE PRISON, WHEN PRISONER'S IN ADMINISTRATION SEGREGATION MUST DISCUSS ATTORNEY AND CLIENT INFORMATION OVER INMATE MONITER TELEPHONES WITH THE INVESTIGATING AGENCY C.D.C.R EAVESDROPPING, THE SAME AGENCY THAT FILED CHARGES, AND HAVE A DISTRICT ATTORNEY'S LIAISON OFFICE WITH IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE.

TIMOTHY J. REILLY, AND OTHER ATTORNEY'S ALLOWED THIS ATTORNEY AND CLIENT VIOLATION'S NOT PROTECTING CLIENT RIGHT'S.

SOMETYPE OF INJUNCTION AND DECLARATORY RELIEF IS NEEDED TO PREVENT THE ABOVE, A CLEAR VIOLATION OF RIGHT'S.

VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA. EXECUTED THIS TWENTYNINTH DAY OF OCTOBER, 2007, CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

[signature]

DECLARANT

EXHIBIT # 2

DECLARATION IN SUPPORT OF STATEMENT
OF MICHAEL E. ALLEN'S CAUSE OF ACTION

I Below witness Declare:

ON Numerous occassions while Attending Imperial county Superior Court in El Centro, as a Calipatria State Prison Prisoner, I notice during Attorney and client communication in the Jury Box of the courtroom. There is 15 TO 20 Calipatria Department of corrections Peace officer's 2 to 3 feet away eavesdropping over hearing attorney and client communication when CDCR Peace officers are the investigating Agency. This breach of Attorney and Client communication extends to the Attorney & client visits at calipatria State Prison, when Administration Segregation Prisoners must discuss Attorney and client information over a inmate monitor telephone, monitored by the Investigating Agency CDCR calipatria. the same Investigating Agency CDCR that filed charges and have a District Attorney's Liaison office with the Imperial county District Attorney's office's.

Prisoners have a Right to Attorney & client communication and I have witness this Right under Pen. Code 2601 is not being protected by Attorney's and Attorney's turning a blind eye and some type of Injunction and Declaratory Relief is need to prevent the above violations of Rights.

Dated: 10-29-07

Respectfully submitted,

JEROME GENE JETER (#J-18281)
name

Respectfully submitted,

Raymond Vailuu # P-50T
name

name MAURO RUIZ #E50797

name ______

name ______

name ______

- VERIFICATION -

I declare under the Penalty of Perjury the foregoing is true and correct under the laws of the state of California. Executed this 29th Day of october 2007, Calipatria, California, Imperial county.

Submitted Signatures

Jerome G Jeter
Declarant

Raymond Vailuu # P50778
Declarant

EXHIBIT #3

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDC 837-C (Rev. 09/03)

PAGE ___ OF ___

INCIDENT LOG NUMBER: CAL-FBY-05-04-0239

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Ruan | Manuel | E | 04-25-05 | 1035 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 020081 | Facility D Lieutenant | 17 YR. 9 MO. | 04-25-05 | Facility B |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| T-F | 06-14 | Attempted Murder on a | 3005(C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY<br>☒ RESPONDER<br>☐ WITNESS<br>☐ VICTIM<br>☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | SHOTS FIRED BY YOU |
|---|---|---|
| ☐ WEAPON<br>☐ PHYSICAL<br>☒ NONE | ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☐ 37 MM ☐ L8 ☐ 40 MM ☐ 40 MULTI ☐ HFWRS ☐ BATON<br>CHEM. TYPE: ☐ OC ☐ CN ☐ CS ☐ OTHER: ___ ☒ N/A | TYPE: / NO: 37 MM ___ ___ L8 ___ ___ 40 MM ___ ___ 40 MULTI ___ ___ SHOTGUN ___ ___<br>NO: 9 MM ___ 38 CAL ___ MINI-14 ___ ☒ N/A |

| FORCE OBSERVED BY YOU |
|---|
| ☐ WEAPON<br>☐ PHYSICAL<br>☐ NONE |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ YES<br>☒ NO | ☐ YES<br>☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☐ N/A | ☒ N/A | ☐ BODILY ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER: ___ | ☐ YES<br>☒ NO |

NARRATIVE:

On Monday April 25, 2005 while attending a Use of Force Meeting at Wardens Conference Room, I responded to a Code 3 Alarm on Facility B. Upon arriving on B Facility I observed all inmates on Yard 1 & 2 down. Emergency Response Staff had the situation under control. I reported to the incident commander (Lt. M. Greenwood) and asked if he needed my assistance, Lt Greenwood asked if I would assist in locking up H/U 1 & 2. I then reported to Yard 1 and assisted Sgt H. Aguirre supervise the lock-up of inmates returning

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | LT | 34094 | 174 2967 | 4-25-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] | 4-28-05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 4-26-05 |

Distribution: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

EXHIBIT #4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF IMPERIAL | |
|---|---|
| In the Matter of Michael Allen<br><br>DOB: 4/22/66 | Jud. Officer: Jeffrey B. Jones<br>Clerk: Francisco Soto<br>Bailiff: David Obeso<br>CSR: Lori Kowalski<br>Interpreter:<br>Language:<br><br>Plaintiff Counsel/DA: Wayne Robinson<br><br>Defendant Counsel/PD: Tim Reilly |
| Order: Judgment and Commitment<br><br>Date: September 6, 2007 | Case No. EMH00214 (JCF19796)<br>El Centro Dept. 5 |
| Charges: | |

The above entitled case came before this court on 6/21/07 on the filing of an indictment, charging the defendant with a crime to wit, BATTERY ON NON-CONFINED PERSON BY PRISONER in violation of PC4501.5 and CUSTODIAL POSSESSION OF WEAPON in violation of PC4502(a).

The records show the defendant appeared in court represented by his attorney at which time criminal proceedings were suspended. Doctors were appointed by the court to examine the defendant for determination of his mental competency. Hearing was held before this court without a jury and written reports were received from the above doctors in lieu of testimony.

IT IS THE FINDING OF THE COURT, after considering the doctor's written report regarding the question of mental competency of the defendant, that the defendant is mentally incompetent.

IT IS THE ORDER OF THE COURT that the defendant be committed to PATTON STATE HOSPITAL for care and treatment as a mentally incompetent person. Maximum term of commitment is 3 years. No credit for time served.

IT IS THE FURTHER ORDER OF THE COURT the authorities at PATTON STATE HOSPITAL report to the court within the next 90 days as to the condition and probability of recovery of the defendant, and thereafter the authorities shall report from time to time as to the condition of the defendant until his or her mental competency has been restored and the patient is ready to be returned to court for reinstatement of criminal proceedings. Review Hearing is set for 11/29/07 at 1:30 p.m. in Department 5.

IT IS THE FURTHER ORDER OF THE COURT that the Sheriff of the County of Imperial take and deliver the defendant to the proper authorities at PATTON STATE HOSPITAL to be cared for as provided by law and upon receiving a certification of mental competency pursuant to Section 1373 of the California Penal Code, return the defendant to this county and present him or her in this court as soon thereafter as possible.

Date: ______________________________

JUDGE OF THE SUPERIOR COURT

Date: JOSE O. GUILLEN, COURT EXECUTIVE OFFICER

By: ______________________________

Deputy Clerk

EXHIBIT #5

TM

RECEIVED
AUG 0 3 2007
PUBLIC DEFENDERS

IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES
Adult Outpatient Clinic
120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482-4087

# P.C. 1369 Mental Health Competence Evaluation

NAME: Michael Allen
REPORT DATE: 7.31.07

CASE NUMBER: JCF19796
REPORT DUE: ASAP

REASON REFERRED: This evaluation was ordered to aid the Court in determining the defendant's mental competence.

METHODS OF EVALUATION: For the purposes of this evaluation the following sources of information were used:

- The court's Order of 6.21.07
- Evaluation of the defendant at Imperial County Jail on 7.31.07 of approximately 30 minutes
- Approximately 113 pages of CDRC reports

WAIVER: Before beginning this examination the defendant was informed that the Court had ordered an evaluation of the defendant's mental competence, and that the Court would be provided with a report of the undersigned's findings. The information provided by the defendant, therefore, was not to be considered private or confidential in the usual doctor-patient sense. The defendant appeared to understand the limitations to privacy, and gave permission to proceed on that basis.

BACKGROUND: The defendant is an African-American male of indeterminate age who is charged with one felony count of Custodial Possession of a Weapon arising from events reported to have occurred in a State Prison on April 25, 2005.

MENTAL STATUS DURING INTERVIEW:

Appearance and Behavior: The patient was a well-developed male of apparent African-American extraction, and of average height and weight. He was appropriately dressed and groomed, and he was free from any easily recognizable impairment. He sat quietly, made good eye contact, and he was cooperative throughout the interview.

Speech Characteristics and Thought Process: The patient spoke in a normal tone of voice, with spontaneity, but he needed much prompting and redirection to expand on responses. His rate of speech was average. His thought process was tangential.

Thought Content: The patient's thought content was apparently free from preoccupations, obsessions, and suicidal/homicidal ideation, plans or intent.

Perception: The patient denied auditory and visual hallucinations and other perceptual abnormalities.

Mood and Affect: In the context of this semi-structured clinical interview, the patient's affect was appropriate with respect to speech content and his life situation, restricted, and lacking in facial animation.

Sensorium, Cognitive Functioning and Insight: The patient appeared alert, with a stable level of consciousness throughout the interview, and was oriented as to person, place, and reason for the interview. His intelligence and insight seemed below average compared to peers with similar cultural, socioeconomic and educational backgrounds.

15

COMPETENCY: The defendant's responses to the questions of the semi-structured "competency assessment instrument" suggested the following. The defendant does not have the capacity to understand the charges; the ability to understand the purpose of the criminal process and the adversary system; the ability to recognize his own situation as defendant; the ability to work with his/her attorney; nor the ability to relate pertinent facts or other information to assist counsel in presenting a defense.

FINDINGS:

- Due to a mental disorder the defendant is unable—by his own admission—to understand the nature and purpose of the proceedings.
- The defendant is unable to cooperate with his attorney in presenting his defense because he does not trust attorneys or judges.
- Treatment with antipsychotic medication is medically appropriate and necessary to help restore the defendant to mental competence, and to maintain his competence.
- The defendant does have the capacity to make decisions regarding antipsychotic medication, since he does have the necessary psychological maturity or insight to recognize he has a serious psychiatric condition.
- The defendant should be evaluated by a psychiatrist to determine if antipsychotic medication is appropriate.
- The undersigned psychiatrist has evaluated the defendant to determine if antipsychotic medication is appropriate.
- If the defendant is not treated with antipsychotic medications, it is possible that serious harm to the physical or mental health of the defendant will result.
- Administration of psychotropics is likely to render the defendant competent to stand trial.
- Less intrusive treatment would be unlikely to have substantially the same results.
- Antipsychotic medication is in the defendant's best medical interest in light of his medical condition.
- The defendant is not a danger to self or others.

Respectfully submitted:

Louis Blumberg, Ph.D.
Supervising Clinical Psychologist
(Calif. License PSY5338)

Alvaro Camacho, M.D.
Psychiatrist
(Calif License A75737)

EXHIBIT # 6

MedlinePlus®
Trusted Health Information for You
A service of the U.S. NATIONAL LIBRARY OF MEDICINE and the NATIONAL INSTITUTES OF HEALTH

Print this page | Close this window

# Medical Encyclopedia: Psychosis

URL of this page: http://www.nlm.nih.gov/medlineplus/ency/article/001553.htm

### Alternative names

Psychotic

### Definition

Psychosis is a loss of contact with reality, typically including delusions (false ideas about what is taking place or who one is) and hallucinations (seeing or hearing things which aren't there).

### Causes, incidence, and risk factors

Psychosis is a severe mental condition characterized by a loss of contact with reality. There are numerous potential causes:

- Alcohol and certain drugs can induce psychosis
- Bipolar disorder (manic depression)
- Brain tumors
- Epilepsy
- Psychotic depression
- Schizophrenia
- Dementia (Alzheimer's and other degenerative brain disorders)
- Stroke

### Symptoms

- Loss of touch with reality
- Seeing, hearing, feeling, or otherwise perceiving things that are not there (hallucinations)
- Disorganized thought and/or speech
- Emotion is exhibited in an abnormal manner
- Extreme excitement (mania)
- Confusion
- Depression and sometimes suicidal thoughts
- Unfounded fear/suspicion
- Mistaken perceptions (illusions)
- False beliefs (delusions)

## Signs and tests

Psychological evaluation and testing are used to diagnosis the cause of the psychosis.

Laboratory or radiological testing may not be essential, but sometimes can help pinpoint the exact diagnosis. Tests may include:

- MRI of the brain
- Tests for syphilis
- Drug screens

## Treatment

Treatment varies depending on the cause of the psychosis. Care in a hospital is often needed to ensure the patient's safety. Drugs that diminish auditory hallucinations ("hearing voices") and delusions, and stabilize thinking and behavior (antipsychotic drugs) are helpful. Group or individual therapy can also be useful.

## Expectations (prognosis)

The expectations for the outcome vary with the specific disorder. Many of the symptoms can be controlled with long-term treatment.

## Complications

Psychosis can prevent a person from functioning normally. During psychotic states, there can be an inability to care for oneself. If the condition is left untreated, there is a possibility of self-harm or harm to others.

## Calling your health care provider

Call your health care provider or mental health professional if a member of your family exhibits behavior indicating a loss of contact with reality. If there is any concern about safety, as described above, immediately take the person to the nearest emergency room for evaluation.

## Prevention

Prevention depends on the cause. For example, preventing alcohol abuse prevents alcohol-induced psychosis.

**Update Date: 5/17/2006**

Updated by: Paul Ballas, D.O., Department of Psychiatry, Thomas Jefferson University Hospital, Philadelphia, PA. Review provided by VeriMed Healthcare Network.

A.D.A.M.

A.D.A.M., Inc. is accredited by URAC, also known as the American Accreditation HealthCare Commission (www.urac.org). URAC's accreditation program is the first of its kind, requiring compliance with 53 standards of quality and accountability, verified by independent audit. A.D.A.M. is among the first to achieve this important distinction for online health information and services. Learn more about A.D.A.M.'s editorial process. A.D.A.M. is also a founding member of Hi-Ethics (www.hiethics.com) and subscribes to the principles of the Health on the Net Foundation (www.hon.ch).

The information provided should not be used during any medical emergency or for the diagnosis or treatment of any medical condition. A licensed physician should be consulted for diagnosis and treatment of any and all medical conditions. Call 911 for all medical emergencies. Adam makes no representation or warranty regarding the accuracy, reliability, completeness, currentness, or timeliness of the content, text or graphics. Links to other sites are provided for information only -- they do not constitute endorsements of those other sites. Copyright 2005,

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Michael E. Allen, declare:

I am over 18 years of age and a party to this action. I am a resident of Calipatria State Prison, Department of Corrections Prison,

in the county of Imperial,

State of California. My prison address is: P.O. Box- 5002, Calipatria, California, 92233.

On March 19, 2008,
(DATE)

I served the attached: Writ of Habeas Corpus 28 U.S.C 2241
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Attorney General Jerry Brown
Office of Attorney General
110 West A Street, Suite #1100 San Diego, Calif 92101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 4/3/08
(DATE)

Michael E. Allen
(DECLARANT'S SIGNATURE)

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

APR - 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**I (a) PLAINTIFFS**

**Michael E. Allen**

**DEFENDANTS**

**James Tilton**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial

**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Michael E. Allen**
**PO Box 5002**
**Calipatria, CA 92233**
**H-42389**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0650 W CAB**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 USC 2241**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 4/9/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

CR