```
                    FILED
                 08 APR 23 AM 9:00
              CLERK, U.S. DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
              BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. ALLEN,<br><br>　　　　Petitioner,<br>vs.<br><br>JAMES TILTON et. al.,<br><br>　　　　Respondents. | CASE NO. 08-CV-0650 W (CAB)<br><br>**ORDER DISMISSING PETITION BECAUSE PETITIONER MOVED UNDER WRONG LAW** (Doc. Nos. 1, 2, 3) |

On April 9, 2008 Petitioner Michael E. Allen ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Filed concurrently were motions for leave to proceed *in forma pauperis* ("IFP") and for accommodations by persons with disabilities. (Doc. Nos. 2, 3.)

28 U.S.C. §§ 2241–2255 extends the writ of habeas corpus to prisoners under the custody of the United States or in custody in violation of the Constitution or laws or treaties of the United States. Specifically, however, challenges to the fact or duration of state confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500.

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ

of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

After thoroughly reviewing Petitioner's petition, the Court finds that Petitioner's first claim, prosecutor misconduct, challenges the fact of his confinement and is thus properly presented under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. Likewise, Petitioner's second claim, some sort of demand for the services of an attorney under the Americans with Disabilities Act, is properly presented under 28 U.S.C. § 2254 or 28 U.S.C. § 1983, depending on what type of legal help Petitioner seeks. Regardless, Petitioner's petition does not address the lawfulness of his detention as a non-citizen by ICE, which is the typical relief requested under 28 U.S.C. § 2241. See Zadvydas v. Davis, 533 U.S. 678, 686–690 (2001). Accordingly, the Court **DENIES** Petitioner's 28 U.S.C. § 2241 petition as improper, and **DENIES AS MOOT** Petitioner's request for IFP and motion for accommodations by persons with disabilities. (Doc. Nos. 1, 2, 3.)

**The clerk of the court is directed to send Petitioner a blank Southern District of California habeas corpus 28 U.S.C. § 2254 First Amended Petition form, a blank 42 U.S.C. § 1983 form, AND a blank Motion for Leave to Proceed *in forma pauperis*.** This case shall be dismissed, and Petitioner may initiate a new action by filing a 28 U.S.C. § 2254 petition, an action under 42 U.S.C. § 1983, and/or a new motion for leave to proceed *in forma pauperis*, if appropriate.

IT IS SO ORDERED.

DATE: April 22, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California